# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JANE DOE (A.M.G.),**

      **Plaintiff,**

vs.

**RED ROOF INNS, INC.,** *et al.***,**

      **Defendants.**

Case No. 2:23-cv-4195

Judge Algenon L. Marbley

Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Proceed Under Pseudonym and for Protective Order. (ECF No. 52.) Defendants Red Roof Inns, Inc.; Red Roof Franchising, LLC; RRI West Management, LLC; FMW RRI II LLC; FMW RRI OPCO LLC; and RRF Holding LLC ("RRI Defendants") filed a Brief in Opposition to Plaintiff's Motion to Proceed Under Pseudonym and for Protective Order.[1] (ECF No. 56.)  Plaintiff did not file a reply.  For the reasons below, Plaintiff's Motion (ECF No. 52) is **GRANTED**.

## INTRODUCTION

This case is one of several currently pending in this Court brought under the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595(a), by a sex trafficking survivor.  This particular Plaintiff, A.M.G., alleges she was trafficked at the RRI Defendants' various hotels in Virginia from approximately 2012 to 2014.  (ECF No. 1 ¶¶ 29–34.) According to the Complaint, the RRI Defendants knew that sex trafficking occurred frequently

---

[1] The RRI Defendants are the only defendants who objected to Plaintiff's Proposed Protective Order.

on their properties and failed to prevent it. (*Id*. at ¶¶ 53–79.) Plaintiff asserts that the RRI Defendants knew or should have known of the trafficking alleged here. (*Id.* at ¶¶ 80–85.) Plaintiff also alleges that the RRI Defendants actively facilitated sex trafficking at the properties noted in the Complaint and of Plaintiff. (*Id.* at ¶¶ 86–100.) The Court has extensively analyzed the issues of civil liability in several of the pending cases in denying motions to dismiss. *See M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-cv-849, 2019 WL 4929297 (S.D. Ohio Oct. 7, 2019); *H.H. v. G6 Hospitality, LLC*, No. 2:19-cv-755, 2019 WL 6682152 (S.D. Ohio Dec. 6, 2019); *Doe S.W. v. Lorain-Elyria Motel, Inc.*, 2:19-cv-1194, 2020 WL 1244192 (S.D. Ohio Mar. 16, 2020). Further, Orders similar to and more stringent than the Plaintiff's requested Order have been entered in some of the other pending cases.[2] With this background in mind, the Court considers the current Motion.

## STANDARD OF REVIEW

The burden of establishing good cause for a protective order rests with the movant. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citing *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)). To establish good cause, the movant must articulate "specific facts" showing the risk of a "clearly defined and serious injury." *Id*. Under Federal Rule of Civil Procedure 26, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden of expense. . . ." Fed. R. Civ. P. 26(c)(1).

---

[2] *A.M. v. Wyndham Hotel & Resorts, Inc., et al*, No. 2:22-cv-3797 (ECF No. 92); *C.C. v. Wyndham Hotel & Resorts, Inc., et al*, No. 2:22-cv-3799 (ECF No. 100); *S.R. v. Wyndham Hotel & Resorts, Inc., et al*, No. 2:23-cv-1731 (ECF No. 70); *G.M. v. Choice Hotels International, Inc. et al*, No. 2:22-cv-3788 (ECF No. 112); *R.A. v. Best Western International, Inc., et al.*, No. 2:23-cv-3459 (ECF No. 82).

Mere speculation or unsubstantiated fears of prejudice are insufficient to justify the imposition of a protective order burdening a party's trial preparation. *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550–551 (6th Cir. 2004) ("If [the movant's] unsubstantiated fears of prejudice justified a protective order, such orders would be justified in virtually every case . . . ."). The decision to grant or deny a motion for protective order "falls within the broad discretion of the district court managing the case." *Century Prod., Inc. v. Sutter*, 837 F.2d 247, 250 (6th Cir. 1988). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required . . . . The trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Federal Rule of Civil Procedure 26(c)(1) requires a party moving for a protective order to include a certification that the movant has, in good faith, conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. Fed. R. Civ. P. 26(c)(1). The Court is satisfied that the parties met this prerequisite.

## ANALYSIS

The RRI Defendants only object to two provisions of Plaintiff's Proposed Protective Order: (1) the requirement that "certain persons and fact witnesses sign an Acknowledgment & Agreement To Be Bound by the Protective Order before Plaintiff's Identity[3] is disclosed to them" ("Acknowledgement Requirement"); and (2) the requirement that the RRI Defendants provide "7 day notice to the Plaintiff of the intention to contact the trafficker [and/or the trafficker's known associates] to permit Plaintiff to seek further protection from the Court should it be necessary" ("Notice Requirement"). (ECF No. 56 PageID 621; ECF No. 56-1 PageID 638.)

---

[3] Plaintiff's "Identity" is defined in Plaintiff's Motion at footnote 1 and in Plaintiff's Proposed Protective Order at pages 1–2. (ECF Nos. 52, 56-1.)

I. **Acknowledgement Requirement**

Plaintiff argues that an "order limiting disclosure of Plaintiff's Identity would 'be rendered practically meaningless' without a provision requiring individuals receiving information to sign an Acknowledgment." (ECF No. 52 PageID 602, citing *S. Y. v. Jay Varahimata Invs., LLC.*, No. 2:20-CV-606, 2021 WL 3117117, at *13 (M.D. Fla. June 11, 2021); *Doe (K.B.) v. Hare Krishna Savannah Hotel, LLC*, 346 F.R.D. 150, 156 (N.D. Ga. 2024).) Plaintiff contends that without the Acknowledgment Requirement, there would be no "enforceable obligation" to protect Plaintiff's Identity and this "would create an unwarranted risk of further dissemination of highly sensitive and deeply personal information that, if spread, would subject A.M.G. to mental distress and an increased risk of stigma and represent a danger to A.M.G. and her family." (ECF No. 52 PageID 602.) Plaintiff further notes that the proposed Acknowledgement is the exact same as the Acknowledgement required to be signed before the RRI Defendants' Confidential documents can be disclosed. (*Id.*) Finally, Plaintiff argues that the Acknowledgment Requirement will not impose an unreasonable burden on the RRI Defendants, and any "incidental" burden is outweighed by Plaintiff's "legitimate and important privacy and safety interests." (*Id.* PageID 602–03.) In support, Plaintiff cites to various TVPRA cases wherein courts allowed a similar requirement.[4] (*Id.*)

The RRI Defendants counter that the Acknowledgement Requirement is unfair because it places an unjustified burden on them, results in unfair prejudice to them, and is "simply impractical." (ECF No. 56 PageID 623.) The RRI Defendants argue that Plaintiff has only made

---

[4] *S. Y.*, 2021 WL 3117117; *J.C. v. Choice Hotels Int'l, Inc.*, No. 20-CV-00155, 2021 WL 1146406, at *6 (N.D. Cal. Mar. 4, 2021); *A.D. v. Wyndham Hotels & Resorts, Inc.*, No. 4:19CV120, 2020 WL 8639346, at *2 (E.D. Va. Sept. 21, 2020); *Doe (K.B.)*, 346 F.R.D. 150; *K.S. v. Brisam Clinton LLC et al.*, No. 1:23-cv-04032 (ECF No. 121) (S.D.N.Y. Sept. 22, 2023); *T.W. v. JRD Partnership et al.*, 3:23-cv-928, ECF No. 99 (M.D. Tenn. June 5, 2024); *S.C. v. The Sheraton, LLC et al.*, 1:23-cv-451, ECF No. 75 (D.N.M. May 28, 2024).

4

generalized claims that the Acknowledgment Requirement "is necessary for her safety." (*Id.*) The RRI Defendants claim that the Acknowledgement Requirement is prejudicial because it "will undoubtedly have a significant chilling effect on fact witnesses' willingness to talk to RRI Defendants." (*Id.* PageID 624.) Finally, the RRI Defendants argue that the Acknowledgement Requirement is impractical because the majority of the witnesses are not located in Ohio. (*Id.* PageID 625.)

The Court finds that Plaintiff has demonstrated good cause for the inclusion of the Acknowledgement Requirement in the Protective Order. Plaintiff's Acknowledgment Requirement is "commonplace in cases involving plaintiffs who are proceeding anonymously due to the sensitive subject matter of the litigation." *A.D.*, 2020 WL 8639346, at *2; *see also J.C.*, 2021 WL 1146406, at *6 (collecting cases). "Both an order permitting Plaintiff to proceed anonymously and a protective order limiting the disclosure of Plaintiff's identifying information would be rendered practically meaningless if other fact witnesses are not required to or do not agree to be bound by the protective order." *S. Y.*, 2021 WL 3117117, at *13. Plaintiff has articulated why the Acknowledgment Requirement is necessary. (ECF No. 52 PageID 601–03.) Further, the RRI Defendants do not distinguish the cases Plaintiff cited in support of her Proposed Protective Order. Accordingly, Plaintiff has demonstrated good cause.

## II. Notice Requirement

Plaintiff argues that there is good cause to include the Notice Requirement in Plaintiff's Proposed Protective Order. (ECF No 52 PageID 604–05.) Plaintiff claims that the Notice Requirement is modest and gives her "an opportunity to take any steps necessary to protect her personal safety including, if necessary, seeking additional protections from this Court before Defendants reveal Plaintiff's Identity to her traffickers or their associates." (*Id.* PageID 604.) Plaintiff claims that without the Notice Requirement, "there is a higher likelihood that the

5

trafficker could catch her off guard." (*Id.* PageID 605.) Plaintiff notes that the Notice Requirement is less than restrictive than other TVPRA cases wherein courts have required affirmative court action before the traffickers are contacted. (*Id.*, citing *A.C. v. Red Roof Inns, Inc.*, No. 2:19-CV-4965, 2020 WL 5361731, at *5 (S.D. Ohio Sept. 8, 2020); *M. L. v. Craigslist Inc.*, No. C19-6153, 2020 WL 5701835, at *2 (W.D. Wash. Sept. 24, 2020).)

The RRI Defendants counter that Plaintiff has not demonstrated that the Notice Requirement is necessary or practical. (ECF No. 56 PageID 626.) The RRI Defendants argue that Plaintiff only alleges potential harm, and a lack of notice does not increase the safety risk to Plaintiff. (*Id.*) In addition, the RRI Defendants claim that the Notice Requirement is burdensome because "requires them to not only know in advance when they plan to contact Plaintiff's trafficker, but also requires them to know in advance when the traffickers might contact them in return." (*Id.* PageID 626–27.)

The Court finds that Plaintiff has demonstrated good cause for the inclusion of the Notice Requirement in the Protective Order. Plaintiff articulated specific facts that show the risk of a clearly defined and serious injury. *See Nix v. Sword*, 11 F. App'x at 500. Plaintiff alleges that her traffickers

> controlled her through physical violence, threats, fraud, and force and made her engage in commercial sex acts for their financial benefit. She did not want to engage in commercial sex acts but when she tried to leave, she was beaten. If she refused or didn't do exactly what was asked, she was deprived of necessities like food. Her traffickers took her phone and she never had access to any money. Her traffickers threatened her family, prevented her from talking to them, and told her she would never see them again.

(citations omitted) (ECF No. 52 PageID 596.) Plaintiff has demonstrated that "the severity of the potential harm is immense," and that she has a reasonable fear of harm if her traffickers or their associates find out where she is located. *M.L. v. Craigslist*, No. 3:19-6153, 2020 WL 8639345,

6

at *1 (W.D. Wash. July 8, 2020), *modified on other grounds*, 2020 WL 8639344 (W.D. Wash. Aug. 3, 2020), *objections overruled*, 2020 WL 5701835 (W.D. Wash. Sept. 24, 2020).

In addition, the RRI Defendants' burden argument is unpersuasive. The Notice Requirement only requires the RRI Defendants to provide a seven-day notice before they contact Plaintiff's traffickers and the traffickers' associates. (ECF No. 56-1 PageID 638.) There is not a requirement that the RRI Defendants anticipate when the traffickers and the traffickers' associates might contact them. A seven-day notice period is not unduly burdensome, particularly considering other courts have required meet and confers or court involvement prior to any disclosure of the plaintiff's identity. *See A.C.*, 2020 WL 5361731, at *5; *M. L.*, 2020 WL 5701835, at *2; *V.G. v. G6 Hosp., LLC*, No. 119CV1520, 2021 WL 6776250, at *8 (N.D.N.Y. July 12, 2021); *S.C. v. Wyndham Hotels & Resorts, Inc.*, No. 1:23-CV-00871, 2023 WL 6290688, at *3 (N.D. Ohio Sept. 27, 2023).

Accordingly, Plaintiff has demonstrated good cause for the Notice Requirement.

## CONCLUSION

Plaintiff's Opposed Motion to Proceed Under Pseudonym and for Protective Order (ECF No. 52) is **GRANTED**. Plaintiff is **DIRECTED** to submit the Protective Order in Word format to the Chambers mailbox, Deavers_chambers@ohsd.uscourts.gov, for signature and filing by the Court within **SEVEN DAYS**.

**IT IS SO ORDERED.**


|  |  |
|---|---|
| **DATED: October 22, 2024** | /s/ *Elizabeth A. Preston Deavers* <br>**ELIZABETH A. PRESTON DEAVERS** <br>**UNITED STATES MAGISTRATE JUDGE** |