UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| A.M.G., an individual, | : |
| Plaintiff, | : Case No. 2:23-cv-04195 |
| v. | : Judge Algenon L. Marbley |
| RED ROOF INNS, INC., et al. | : Magistrate Judge Elizabeth P. Deavers |
| Defendants. | : |

**OPINION & ORDER**

This matter comes before this Court on Erie Insurance Exchange's ("Erie") motion to intervene (ECF No. 41). For the reasons set forth below, this Court **DENIES** the motion.

### I. BACKGROUND

This case arises under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a). Plaintiff A.M.G., a Virginia resident, alleges that, from 2012 to 2014, she was repeatedly sex trafficked at two Red Roof Inn locations in Virginia Beach, VA: one located at 5745 Northampton Blvd., Virginia Beach, VA, 23455 ("Northampton RRI"); and another located at 196 Ballard Ct, Virginia Beach, VA 23462 ("Ballard RRI") (collectively, "VA RRIs"). (ECF No. 1 ¶¶ 9, 32, 34). On December 20, 2023, Plaintiff sued seven corporate entities that allegedly owned, operated, or managed the VA RRIs, seeking damages under the TVPRA's civil liability provision, 18 U.S.C. 1595(a). Her Complaint groups the defendants as follows: (1) the Ohio-based franchisors, managers, and operators of the VA RRIs ("**RRI Brand Defendants**");[1]

---

[1] "**RRI Brand Defendants**" include Red Roof Inns, Inc.; RRF Holding Company, LLC; Red Roof Franchising, LLC; and RRI West Management which, according to Plaintiff, "operated, controlled, and/or managed" the Northampton RRI and Ballard RRI. (ECF No. 1 ¶ 14).

(2) the Virginia-based owners and operators of the Ballard RRI ("**RRI Ballard Defendants**");[2] and (3) the Virginia-based owners and operators of the Northampton RRI ("**Northampton Franchisee**").[3]

On June 4, 2024, Erie Insurance Exchange ("Erie") moved for leave to intervene. (ECF No. 41). The purpose of intervention, according to Erie, is to pursue a declaratory judgment regarding its obligations to defend or indemnify Northampton Franchisee and two RRI Brand Defendants—Red Roof Inns, Inc. ("RRI") and Red Roof Franchising LLC ("RRF"). (ECF 41).[4] Both Plaintiff and RRI Defendants opposed Erie's motion (ECF Nos. 42, 46), and Erie replied (ECF No. 47). This matter is therefore ripe for resolution.

## II. STANDARD OF REVIEW

A district court may grant a motion to intervene as a matter of right, Fed. R. Civ. P. 24(a), or as a matter of discretion, Fed. R. Civ. P. 24(b). Under Rule 24(a)(2), a court *must* grant intervention on a "timely motion" to a movant who "claims an interest relating to the property or transaction which is the subject of the action," and is "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Permissive intervention under

---

[2] "**RRI Ballard Defendants**" include FMW RRI II LLC, and FMW RRI Opco LLC, which "owned, operated, controlled, and/or managed the [Ballard] RRI."; are "corporate affiliate[s] of the RRI Brand Defendants"; and are "subject to common ownership and control with [RRI Brand Defendants] under the Westmont Hospitality Group." (ECF No. 1 ¶¶ 15–16).

[3] "**Northampton Franchisee**" refers to Global Corporation, which "owned, operated, controlled, and/or managed the [Northampton] RRI." (ECF No. 1 ¶ 19).

[4] While Erie "has agreed to take up the defense of Defendant Red Roof Inns, Inc. and Defendant Red Roof Franchising LLC . . . under a Reservation of Rights as they are additional insureds listed on the policy," it "declined to defend the remaining corporate Defendants: RRF Holding Company, LLC, RRI West Management, LLC, FMW RRI II, LLC, and FMW RRI Opco LLC (remaining Red Roof defendants) or any claims associated with the [Ballard RRI]." (ECF No. 41 at 1).

2

Rule 24(b), on the other hand, authorizes a court to exercise its discretion to permit intervention on a timely motion by a movant who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(2).

### III. LAW & ANALYSIS

Erie seeks intervention as of right under Fed. R. Civ. P. 24(a) and permissive intervention under Fed. R. Civ. P. 24(b). The threshold issue for both kinds of intervention is timeliness. *Blount-Hill v. Zelman*, 636 F.3d 278, 283−84, 287 (6th Cir. 2011). In evaluating whether a motion to intervene is timely, this Court considers: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the motion during which the intervenor knew or reasonably should have known of her interest in the case; (4) the prejudice to the original parties due to the intervenor's failure to seek intervention sooner after recognizing her interest was implicated; and (5) any unusual circumstances weighing for or against intervention. *Stupak-Thrall v. Glickman*, 226 F.3d 467, 473 (6th Cir. 2000) (citing *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir.1990)). No single factor is determinative. *Id.* Rather, timeliness "should be evaluated in the context of all relevant circumstances." *Id*. at 472−73 (citing *Jansen*, 904 F.2d at 340).

Erie argues that its motion—filed approximately six months after the Complaint—is timely because "the suit ha[d] not progressed to a point that militates against intervention." (ECF No. 41 at 4). But as the Sixth Circuit explained, the "absolute measure of time between the filing of the complaint and the motion to intervene" is one of the "least important" circumstances relevant to timeliness. *Stupak-Thrall*, 226 F.3d at 472−73 (citation omitted). Rather, the "more critical factor is what steps occurred along the litigation continuum *during* this period of time." *Id*.

3

On this point, Erie notes that, when it sought intervention, "[a] trial order setting case dates ha[d] not been filed." (ECF No. 41 at 4). RRI Defendants, on the other hand, point out that Erie's motion was filed "nearly two months after entry of an order denying transfer of this case (and others) to an MDL." (ECF No. 46 at 8). In support, RRI Defendants rely on *J4 Promotions, Inc. v. Splash Dogs*, LLC, No. 2:09-CV-136, 2010 WL 1839036 (S.D. Ohio May 3, 2010), where the court found untimely a motion to intervene because "[d]iscovery has been underway for some time and the Court has resolved one motion to compel." *Id*. at *3.

Unlike the circumstances in *J4 Promotions*, however, discovery in this matter had not yet begun when Erie moved to intervene. Nor had this Court established the governing case deadlines. Accordingly, the first timeliness factor—the point to which the suit has progressed—weighs in Erie's favor. As to the remaining factors, the parties do not discuss them, and this Court will not speculate as to their applicability.

Notwithstanding the parties' minimal discussion of timeliness,[5] this Court finds Erie's motion timely. As explained below, however, the motion fails for other reasons.

### A. Intervention as of Right

The Sixth Circuit has interpreted mandatory intervention under Rule 24(a) as requiring four elements, "each of which must be satisfied before intervention as of right will be granted": (1) timeliness of the application to intervene, (2) a substantial legal interest in the case, (3) impairment of the movant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by the parties already before the court. *Stupak-Thrall*, 226 F.3d at 471 (internal quotation marks and citation omitted). A "failure to meet one of the criteria will

---

[5] Plaintiff's opposition does not challenge the timeliness of Erie's motion. (See ECF No. 42 at 5 ("[E]ven assuming the Motion is timely, Erie fails to establish the next three elements of the four-part test.")).

4

require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989) (quoting *Triax Co. v. TRW Inc.*, 724 F.2d 1224, 1227 (6th Cir. 1984)).

Having already determined that Erie's motion is timely, this Court considers the remaining elements, beginning with Erie's substantial legal interest. *Glickman,* 226 F.3d at 471. While the Sixth Circuit interprets the interest sufficient to invoke intervention of right expansively, not "any articulated interest will do." *Coal. to Def. Affirmative Action v. Granholm*, 501 F.3d 775, 780 (6th Cir. 2007). The analysis addressing the existence of a substantial legal interest "is necessarily fact-specific." *Id*. An entity seeking to intervene must have a substantial and direct interest in a proceeding, not simply a contingent one. *See Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129, 154 (1967) (noting that a proposed intervenor must have an interest that is "sufficiently direct and immediate to justify his entry as a matter of right."); *see also Adams v. Ohio Univ.*, No. 2:17-CV-200, 2017 WL 4618993, at *2 (S.D. Ohio Oct. 16, 2017) (same).

According to Erie, it agreed to take up the defense of RRI and RRF "under a Reservation of Rights as they are additional insureds listed on the policy," but it "declined to defend the remaining corporate [RRI] Defendants . . . or any claims associated with the [Ballard RRI]." (ECF No. 41 at 1). It seeks to intervene to pursue a declaratory judgment claim regarding its obligations, if any, to defend or indemnify Northampton Franchisee, RRI, and RRF in relation to Plaintiff's claims. (*Id.* at 3). Erie argues that it has a substantial legal interest in the case "as it is incurring defense costs." (ECF No. 41 at 6). According to Erie, this is "not a hypothetical or contingent interest; it is a real and direct interest." (*Id.*).

This Court disagrees. Erie's interests are contingent because they depend on both: (1) Defendants' liability under the TVPRA; and (2) Erie's obligations to Defendants under the relevant insurance contracts. *See S.R. v. Wyndham Hotels & Resorts, Inc.*, No. 2:23-CV-1731, 2024 WL

5

2795784, at *2 (S.D. Ohio May 31, 2024) (agreeing that, "because [hotel defendant's] liability has not yet been determined and Erie has not accepted coverage for [hotel defendant's] conduct, its interest is only a contingent one"); *Siding and Insulation Co. v. Beachwood Hair Clinic, Inc.*, No. 1:11-cv-01074, 2012 WL 645996, at *1 (N.D. Ohio Feb. 28, 2012) (insurer's interest was not direct nor substantial because it was contingent on the outcome of the litigation).

That Erie seeks to litigate state law contract claims that do not directly relate to the subject of Plaintiff's TVPRA claims dooms their claim for intervention as a matter of right. *See M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-CV-00849, 2022 WL 622124, at *3 (S.D. Ohio Mar. 3, 2022) (holding that "failure to allege a direct and substantial interest in the subject of the litigation is alone fatal to [the insurer's] claim for intervention as of right"). Resolution of those distinct issues will also "necessarily [] involve the application of different laws and the presentation of different evidence." *Adams*, 2017 WL 4618993, at *2. Insurers may not "drag substantive issues of insurance law into a lawsuit whose subject matter is the allocation of liability." *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 640 (1st Cir. 1989).

Indeed, this Court routinely denies intervention to insurers contesting potential coverage in hotel sex trafficking cases, finding their interests contingent and unrelated to the underlying TVPRA claims. *See S.R.*, 2024 WL 2795784, at *2 (denying intervention because "Erie's interests here are contingent, as they are dependent on a determination of both: (1) [hotel defendant's] liability under the TVPRA; and (2) Erie's obligations to [hotel defendant] under the relevant insurance contracts."); *T.E. v. Wyndham Hotels & Resorts, Inc.*, No. 2:22-CV-3185, 2024 WL 474400, at *13 (S.D. Ohio Feb. 7, 2024) (denying intervention reasoning that the insurer's "stake in this litigation is dependent on a determination of Red Roof's liability and an adjudication of [the insurer's] obligations under the insurance contract, which are separate from [plaintiff's] TVPRA

6

claim."); *K.C. v. Choice Hotels Int'l, Inc.*, No. 22-CV-2683, 2023 WL 2265214, at *2 (S.D. Ohio Feb. 28, 2023) (same); *M.A.*, 2022 WL 622124, at *2 (S.D. Ohio Mar. 3, 2022) (same); *see also Adams*, 2017 WL 4618993, at *2 (finding that an insurer's interest is contingent until the insurer "knows whether or not it owes a duty to defend and/or indemnify" an insured).

Because Erie has not demonstrated the requisite direct and substantial legal interest in the subject matter of this litigation, it is not entitled to intervene as a matter of right. For that reason, this Court finds it unnecessary to reach the merits of the other elements of intervention of right under Rule 24(a). *See Brewer v. Republic Steel Corporation*, 513 F.2d 1222, 1224 (6th Cir. 1975) ("Since we conclude that the Commission has not satisfied the interest requirement of Rule 24(a), we need not consider the other prerequisites to intervention as a matter of right.").

### B. Permissive Intervention

Unlike mandatory intervention, permissive intervention under Rule 24(b) establishes a "zone of discretion" within which a court operates. *See Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997). If the motion is timely and there is at least one common question of law or fact, this Court may grant intervention based on relevant factors such as undue delay or prejudice to the original parties. *United States v. Michigan*, 424 F. 3d 438, 445 (6th Cir. 2005); *Shy v. Navistar Intern. Corp.*, 291 F. R. D. 128, 138 (S.D. Ohio 2013).

A motion for permissive intervention "should be denied," however, "where the intervenor has not established that a common question of law or fact exists between [its] proposed claim and the claim of one or more of the existing parties." *Comtide Holdings, LLC v. Booth Creek Mgt. Corp.*, No. 2:07-cv-1190, 2010 WL 2670853, at *3 (S.D. Ohio Jun. 29, 2010); *see also Design Basics, LLC v. A.J. Bokar Bldg. Co., Inc.*, No. 16-cv-669, 2016 WL 6067780, at *2 (N.D. Ohio Oct. 17, 2016) (The insurer "cannot establish that its insurance action shares questions of law and

7

fact with the underlying copyright action"); *Trs. of Painting Indus. Ins. Fund v. Glass Fabricators, Inc.*, No. 1:14-cv-00313, 2014 WL 5878201, at *3 (N.D. Ohio Nov. 10, 2014) (denying permissive intervention because declaratory judgment and underlying action would "require different evidence and different laws will apply").

Erie asserts, without elaboration, that its motion "alleges at least one common question of law or fact" with the underlying action. (ECF Nos. 41 at 11). Plaintiff and RRI Defendants disagree, emphasizing that Erie's claims pertain to insurance coverage and contract interpretation, not sex trafficking. (ECF No. 42 at 9; ECF No. 46 at 12). In ruling on prior motions to intervene filed by insurers of hotel-defendants in TVPRA cases, this Court has found that the insurers' interest is not based on a sufficiently similar question of law or fact. *See S.R.*, 2024 WL 2795784, at *3 (denying insurer's motion for permissive question in TVPRA case against hotel defendants for lack of common questions of law and fact and the risk of delay and prejudice); *T.E.,* 2023 WL 5531441, at *14 (same); *T.P. v. Red Roof Inns, Inc.*, No. 2:21-CV-4933, 2023 WL 5723373, at *3–4 (S.D. Ohio Sept. 5, 2023) (same); *G.P. v. Wyndham Hotels & Resorts, Inc.*, No. 2:22-CV-2682, 2023 WL 5018562, at *4 (S.D. Ohio Aug. 7, 2023) (same); *K.C.,* 2023 WL 2265214, at *3 (same); *M.A.,* 2022 WL 622124, at *3 (same); *see also S.C. v. Wyndham Hotels & Resorts, Inc.*, No. 1:23-CV-00871, 2023 WL 4879941, at *1 (N.D. Ohio Aug. 1, 2023) (same). Erie's limited interest, moreover, is "contingent on Plaintiff's success and requires a separate inquiry into the language of the insurance policies, which is wholly separate from the TVPRA claims in the main action." *S.R.*, 2024 WL 2795784, at *3.

Because Erie fails to articulate a common question of law or fact between its insurance claims and Plaintiff's TVPRA claims, permissive intervention is not warranted. Additionally, there is a risk of delay and prejudice to the original parties "if complex issues of insurance coverage are

8

introduced, and intervention would force Plaintiff to become involved in a coverage dispute in which it does not yet have an interest." *See S.R.*, 2024 WL 2795784, at *3 (internal quotation marks and citations omitted).

For all these reasons, this Court declines to exercise its discretion to grant Erie permissive intervention.

## IV. CONCLUSION

For the foregoing reasons, Erie's motion to intervene (ECF No. 41) is **DENIED.**

   **IT IS SO ORDERED.**

                                             **ALGENON L. MARBLEY**
                                             **UNITED STATES DISTRICT JUDGE**

**DATED: February 26, 2025**